UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERYL P. GROSS,

    Plaintiff,

v.                                                                    CASE No. 8:05-CV-1012-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is deficient and flawed, the decision will be reversed and remanded for further consideration.

I.

The plaintiff, who was forty-four years old at the time her insured status expired and has more than a high school education, has worked as an administrative assistant, a secretary, and a customer service representative (Tr. 64, 404, 406). She filed a claim for Social Security disability benefits,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

alleging that she became disabled due to a gastrointestinal system disorder, severe abdominal pain, diarrhea, high blood pressure, headaches, irritable bowel syndrome, gastrointestinal reflux disease, and depression (Tr. 65, 408, 409, 412). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff was last insured for disability benefits on June 30, 1999 (Tr. 19). The law judge determined that, as of that date, the plaintiff had severe impairments of a gastrointestinal system disorder, severe abdominal pain, diarrhea, headaches, high blood pressure, affective disorder, and depression (Tr. 15). However, despite finding that the plaintiff had several severe impairments, the law judge concluded that the plaintiff "had no physical impairment and no exertional limitations that affected her ability to sit, stand, walk, lift, carry, push or pull prior to the date last insured" (Tr. 19). And, although he did not say so in his decision, the law judge, in a hypothetical question, asked a vocational expert to assume that the plaintiff had no mental impairment (Tr. 425). In light of the hypothetical question that assumed that the plaintiff had no physical or mental impairments, the expert, not surprisingly, opined that the plaintiff could return to all of her prior jobs (id.). Based upon the testimony of the expert, the law

judge decided that the plaintiff was not disabled as of her date last insured (Tr. 18).[2]  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3).  The Act provides further that a plaintiff is not disabled if she is capable of performing her previous work.  42 U.S.C. 423(d)(2)(A).  Moreover, in order to receive disability benefits, the plaintiff  must have become disabled before her insured status expired on June 30, 1999.  42

---

[2]The law judge also stated that, as of October 31, 2002, the plaintiff suffered from functional limitations that, according to the testimony of the expert, would preclude her from performing any work (see Tr. 18-19, 425-26).

U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The critical factor in this case is the expiration of the plaintiff's insured status on June 30, 1999. The Commissioner, in her memorandum, makes a solid argument that the plaintiff was not disabled by that date. The court, however, does not review the post hoc rationalizations of litigating counsel. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983). Rather, the court is mandated to review the final decision of the Commissioner, which in this case is the decision of the law judge. 42 U.S.C. 405(g).

The plaintiff challenges the law judge's decision on two related grounds: (1) the law judge erred in not considering all of the plaintiff's impairments, and (2) the law judge relied upon an inaccurate hypothetical question to the vocational expert (Doc. 13, pp. 12, 15). The merit in these challenges is reflected in the operative hypothetical question, which was as follows (Tr. 424-25):

> Q  Okay.  Let me pose a hypothetical question for you, Mr. Wili.  If we were to assume in this hypothetical one, that we have an individual the same age as the claimant, and the same educational background.  The same work experience.  Who retains the residual functional capacity for a limited range of light work as such term is defined in the Social Security Regulations, because there is no indication in this hypothetical work of any physical impairments and no mental impairments.  If you were to assume that description of no physical impairment and no evidence of any mental limitation, could that hypothetical worker perform any of the claimant's past relevant jobs as actually performed by her, or generally performed in the national economy?

This question is vacuous.  It does not require the knowledge of a vocational expert to reach a conclusion that, if the plaintiff had no physical or mental limitations, she could return to all of her prior work (and undoubtedly perform innumerable other jobs in the national economy).

More significantly, the hypothetical question is inconsistent with the finding that the plaintiff suffered by June 30, 1999, from several severe impairments.[3]  A finding that a plaintiff has a severe impairment means that

---

[3] Although the law judge did not specifically state that the plaintiff had the severe impairments prior to June 30, 1999 (see Tr. 15), that is the only reasonable conclusion.  In the first place, the only issue presented was whether the plaintiff was disabled by that date.  Moreover, if the law judge concluded that the plaintiff did not have a severe impairment by June 30, 1999, then the law judge would have stopped his evaluation at step 2 of the sequential analysis rather than going to step 4.  See 20 C.F.R. 404.1520.

she has an impairment that "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). It is inexplicable how the plaintiff can have severe impairments and yet have "no physical impairment and no evidence of any mental limitation" (Tr. 425).

In particular, the law judge found that the plaintiff had a severe impairment of "affective disorder and depression" (Tr. 15). Thus, the law judge apparently accepted the plaintiff's testimony at the February 2003 hearing that she had suffered from depression for a long time (Tr. 412).[4] Having credited the plaintiff's testimony to the extent that her depression constituted a severe impairment, that is, that it significantly limited her mental ability to perform basic work activities, he needed to articulate what the functional limitations were. Moreover, he needed to include those limitations in his hypothetical question to the expert. Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985).

The law judge made a similar error with respect to his finding that the plaintiff had severe impairments of a gastrointestinal system disorder, severe abdominal pain and diarrhea (Tr. 15). The plaintiff testified that she

---

[4]If the law judge did not accept that testimony, he committed reversible error by failing to articulate a reasonable basis for discounting it. Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985); see also MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986).

had to stop work due to diarrhea (Tr. 409-10). She stated that she would frequently have to leave her desk to go to the bathroom; that there were times weekly when she was in there for an hour; that at times she had to take the day off; and that her supervisor complained that she was away from her desk too much (id.). The law judge did not specifically discount this testimony and, in fact, found that the plaintiff's diarrhea was a severe impairment. However, he did not include in his hypothetical question any limitation from this condition, which, even if it did not constitute an exertional limitation, would result in a non-exertional one.

In short, the law judge concluded that the plaintiff had severe impairments of, among other things, diarrhea and depression, but did not include any functional limitations from those problems in the hypothetical question upon which he based his decision. In light of the definition of severe impairment, such an analysis is illogical and unreasonable.[5]

IV.

---

[5] It is noted that there is another error in the decision. The law judge stated that, following a colonoscopy on October 29, 1998, "[t]here is no evidence of further medical assessments or care until April 6, 2000 " (Tr. 16). This is clearly wrong and suggests that the law judge may have overlooked the notes of Dr. Claudia Bonilla, a treating physician (see, e.g., Tr. 164-71).

-8-

For the foregoing reasons, the decision of the Commissioner is fundamentally flawed. Therefore, the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 29th day of August, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE